**INDUSTRIA FOTOGRAFICA INTERAMERICANA S.A. DE C.V., Plaintiff,**

v.

**M.V. "JALISCO", her equipment and appurtenances, in rem, et al., Defendants.**

**No. Civ. A. H–94–3512.**

United States District Court, S.D. Texas.

Oct. 26, 1995.

---

Dana Keith Martin, Hill Rivkins et al., Houston, TX, for plaintiff.

Mary Alice Wilson, Royston Rayzor Vickery & Williams, Houston, TX, for defendants.

David R. Walker, Royston Rayzor Vickery & Williams, Houston, TX, for claimants.

OPINION ON DISMISSAL

HUGHES, District Judge.

1. *Introduction.*

A shipper is suing its carriers to recover for non-delivery of photographic film. This court will not exercise jurisdiction over the claim because the parties' contract expressly designates either a Mexican or Brazilian court to hear the contract dispute. The case would also be dismissed because public and private interests mandate a more convenient forum.

### 2. *Background.*

Industria Fotografica Interamericana and Transportacion Maritima Mexican are Mexican corporations whose principal places of business are in Mexico City, Mexico. Companhia Maritima Nacional is a Brazilian corporation with its principal place of business in Rio de Janeiro, Brazil. Maritima Mexicana and Maritima Nacional are ocean carriers between Mexico and Brazil; they share the trade name "Mex–Bras Express Service". Fotografica contracted to have Mex–Bras transport photographic film from Altamira, Mexico, to Santos, Brazil. Because the cargo needed refrigeration, Fotografica added specific temperature requirements to the contract. The cargo was shipped on board the M.V. *Jalisco,* a Mex–Bras vessel sailing under the Mexican flag. When the cargo arrived in Brazil, however, some of the film under the bill of lading was lost. Fotografica brought suit in this court to recover damages for the lost cargo.

### 3. *Forum Selection Clause.*

In the bill of lading signed by Fotografica and Mex–Bras, the prorogation clause expressly states that, at the carrier's option, a district court in Mexico City or Rio de Janeiro will have exclusive jurisdiction of disputes arising under the carriage contract. Prorogation clauses are valid, and like other choices of the parties, they should be enforced unless the opposing party shows that enforcement is unreasonable under the circumstances. *M.S. Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 11, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). Fotografica argues it is unreasonable to enforce the prorogation clause in this case because the action is *in rem* and the contract is one of adhesion.

#### A. *In Rem.*

The shipper wants its rights under maritime law to an *in rem* action to preclude the application of the forum selection clause. Although the right to a maritime seizure may survive a contractual selection of a forum, the seizure would have to be in aid of a proceeding in the forum selected under the contract. In this case, the dispute is over the loss of goods under a bill of lading. The parties' contract specifies that disputes over the bill of lading must be brought exclusively in the district of Mexico City or Rio de Janeiro. The contract forces all actions from a particular factual source into a particular court, whether the dispute is characterized as common law, statutory, admiralty, *in personam,* or *in rem.* Confusing a right *in rem* to seize with a proper court under the contract is confusing a remedy for a forum. The parties agreed to the jurisdiction choices in the contract.

#### B. *Adhesion.*

The shipper seeks to avoid the contract on the grounds that it was a contract of adhesion. When the circumstances force a party to accept the terms of the other party, the contract may be unenforceable. For a party to have been stuck to a contract, rather than consensually accepted, the force of circumstances must have been so compelling that the party's free will was subverted to the point of its incapacity. Neither disproportionate bargaining strength nor take-it-or-leave-it standard terms will suffice. As a percentage of the number of contracts or of the value of contracts, the vast majority of business is transacted between people of unequal power and on customary forms. A contract only justifies the potential of judicial solicitude when there is strong evidence of conscious customer selection by apparent incapacity. The aged, infirm, and destitute come to mind, not photographic wholesalers.

The shipper in this contract is experienced, sophisticated, capable, and adept at contracting and negotiating. Fotografica and Mex–Bras (including its immediate predecessor) have concluded about 100 shipping transactions over the past eight years using this same forum selection clause.

Because the shipper cannot show that it attempted to amend the prorogation clause, it is estopped from complaining that it was compelled to adhere to these terms. If the terms proposed by the carrier were egregiously disadvantageous to

the shipper, the shipper would have sought and failed to obtain an amelioration. Fotografica has not shown that it, at the beginning, preferred another choice of forums much less that it was prevented from changing the term because Maritima Mexican and Maritima Nacional were exercising monopoly power in the shipping market. In fact, the bill of lading shows that the shipper added significant terms to the contract. Fotografica appended transportation conditions for the refrigeration of the cargo.

### 4. *Inconvenient Forum.*

 This case could also be dismissed because the forum is inconvenient. Deference is given to the plaintiff's choice of forum only when it is otherwise proper. An irrational choice by the plaintiff with no connection between the claim and the forum earns no deference. This case involves two Mexican companies and a Brazilian company. The cargo was received in Mexico and delivered to Brazil. The loss occurred in Mexico or at sea between Mexico and Brazil. The witnesses and documents are in Mexico and Brazil. On the other hand, no party is an American citizen. The bill of lading was not issued in the United States. No part of the contract was performed here, and the cargo never entered United–States waters.

A quick review of the transaction shows that either a Mexican or Brazilian court has the greater interest in adjudicating this matter. The *Jalisco* under the express terms of its contract with Fotografica chooses the Mexican forum, which obviously is Fotografica's home country too. The cost of conducting the trial in Houston would be an unreasonable burden on the parties as opposed to a more convenient Mexican court. The remedy by a Mexican court applying Mexican law would be no less adequate than a remedy by this court applying Mexican law. *Seguros Comercial Americas v. American President Lines,* C.A. H–95–1488 (S.D.Tex. Oct. 4, 1995).

The plaintiff argues that this court has an interest in this case because the *Jalisco* sails to a Texas port every forty-two days. Although this court has an interest in the operation of vessels making calls in this country's waters, the court's interest does not extend to cargo disputes arising between foreign parties and foreign ports. Mexico is available and adequate.

### 5. *Conclusion.*

The claim for damages against the ship on which the cargo was transported will be dismissed because the contract specifies another forum. If a Mexican or Brazilian court should ask for an attachment of the vessel in aid of their actions, the question will be different, and it will be answered then. The case could be dismissed also because public efficiency and private costs show Mexico to be the more sensible forum.

ORDER OF DISMISSAL

This case is dismissed.